UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ANNA EVANS, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:10-CV-67 |
| | ) | (VARLAN/GUYTON) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This Social Security appeal is before the Court on the Report and Recommendation (the "R&R") [Doc. 13] filed by United States Magistrate Judge H. Bruce Guyton on November 22, 2010. In the R&R, Magistrate Judge Guyton found that the Commissioner's decision is supported by substantial evidence. Accordingly, Magistrate Judge Guyton recommended that plaintiff's motion for summary judgment [Doc. 9] be denied and that defendant's motion for summary judgment [Doc. 11] be granted.

Plaintiff filed objections to the magistrate judge's report and recommendation [Doc. 14]. Defendant has not filed a response to plaintiff's objections. For the reasons discussed below, the Court determines that plaintiff has not raised specific objections to the R&R in her objections, and therefore, her arguments will not be treated as such.

**I.     Standard of Review**

The Court must conduct a *de novo* review of portions of the magistrate judge's R&R to which a party's specific objections unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Although the Court is required to engage in *de novo* review of specific objections, if the objections merely restate the party's arguments raised in the motion for summary judgment and previously addressed by the magistrate judge, the Court may deem the objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver*, 304 F. Supp. 2d at 937. Further, the United States Court of Appeals for the Sixth Circuit has explained that:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## II. Analysis

Plaintiff's objections to the R&R [Doc. 14] repeat, almost verbatim, the arguments plaintiff made in her brief in support of her motion for summary judgement [*see* Doc. 10]. Her arguments are that the administrative law judge's (the "ALJ's") residual functional capacity determination in regard to plaintiff's physical limitations is not supported by substantial evidence and that a consultative examination should have been ordered, that the ALF's residual functional capacity determination in regard to plaintiff's mental limitations is not supported by substantial evidence, and that plaintiff's case should be remanded to consider additional evidence.

Because plaintiff simply recites, almost verbatim, the same arguments considered by Magistrate Judge Guyton, *de novo* review of plaintiff's arguments would make the original referral to the magistrate judge useless and would waste judicial resources. *See Howard*, 932 F.2d at 509. Accordingly, the Court does not consider plaintiff's arguments to be specific objections to the R&R and it will not engage in *de novo* review.

Because no proper objections were timely filed, the Court will treat any objections as having been waived. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Magistrate Judge Guyton found that there was substantial evidence to support the Commissioner's decision. The Court has carefully reviewed this matter, including the transcript and underlying pleadings [Docs. 9, 10, 11, 12, 13, 14], and is in agreement with Magistrate Judge Guyton's recommendation, which the Court adopts and incorporates into its ruling.

**III. Conclusion**

Plaintiff's motion for summary judgment [Doc. 9] is **DENIED** and defendant's motion for summary judgment [Doc. 11] is **GRANTED**. The Court **ACCEPTS IN WHOLE** the Report and Recommendation [Doc. 13] and the decision of defendant Commissioner denying plaintiff's application for supplemental security income benefits will be **AFFIRMED**. This case will be **DISMISSED** and an appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE